UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-21218-CIV-DPG

CASILDA ROMERO,

    Plaintiff,
v.

EMILIA DIAZ-FOX,

    Defendant.
_____/

**UNOPPOSED MOTION TO WITHDRAW FROM REPRESENTATION**

Defense counsel, Chris Kleppin and The Kleppin Law Firm, P.A. pursuant to Local Rule 11.1(D)(3) of the United States District Court for the Southern District of Florida and Rule 4-1.16 of the Rules Regulating the Florida Bar, moves this Court for leave to withdraw from representation of the Defendant client, Emilia Diaz-Fox. This Motion, being one of the selected motions listed in Local Rule 7.1 as not requiring an included supporting memorandum of law, should be granted for the following reasons:

    1.    Ms. Diaz-Fox is herself a lawyer and is also currently represented by Juan Ramirez.

    2.    Counsel asserts that under Rules Regulating the Florida Bar, Rule 4.16(a), he is ethically required to withdraw as counsel for Ms. Diaz-Fox, upon advice of ethics counsel. Counsel is not allowed under the ethical rules to explain fully why the withdrawal is required.

    3.    Further, Counsel asserts that the Client has consistently, substantially, and for an extended period of time refused to abide by the terms of the retainer agreement. Counsel has given reasonable notice to the Client of this fact, given the Client ample opportunity to remedy

the situation, and has informed the Client of counsel's intention to seek withdrawal. The Client does not oppose the relief sought in this Motion.

4. Rule 4-1.16 of the Rules Regulating the Florida Bar require that undersigned counsel be allowed to withdraw in this case. That rule, in pertinent part, states as follows:

> A lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs or an agreement limiting the objectives of the representation.

*Rules Regulating the Florida Bar*, Rule 4-1.16.

5. Unfortunately, we cannot continue to represent Ms. Diaz-Fox under the circumstances, and this has caused there to be irreconcilable differences between Client and counsel.

6. Although the above-referenced facts and cited Rule provision are alone sufficient to warrant this Court granting permission for counsel to withdraw, counsel additionally asserts that withdrawal is permissible under other portions of Rule 4-1.16(b) which read in part:

> **(b) When Withdrawal is Allowed.** . . . [A] lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if: . . .
>
> \* \* \*
>
> (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled . . . .
>
> (5) the representation will result in an unreasonable financial burden on the lawyer.

7. Permission to withdraw could be properly granted by this Court under either Rule 4-1.16(b)(4) or (5). Furthermore, although these two types of withdrawal are not dependent upon being "accomplished without material adverse effect on the interests of the client," counsel

believes that the Client's interests will not be adversely affected, and the Client will have the opportunity, time, and resources to obtain new counsel in this matter, and currently has counsel.

Additionally, the Client and counsel have reached irreconcilable differences with respect to goals and aims of the litigation.  The client does not request that the Court stay any existing deadlines or give her time to retain new counsel.

8.      If this Motion to Withdraw Representation is granted, counsel, of course, will comply with all relevant Rules Regulating the Florida Bar regarding "[a]ssisting the client upon withdrawal." *Rules Regulating the Florida Bar*, Rule. 4-1.16.

9.      As required by Local Rule 11.1(D)(3), notice of this motion has been served upon both the client and opposing counsel.

## CONCLUSION

For the foregoing reasons, the Court should grant this Motion, and allow undersigned to withdraw as counsel and be relieved of all responsibilities.

## CERTIFICATE OF CONFERRAL

Although not required under the rule, undersigned counsel has conferred with Plaintiff's counsel who does not object to the relief sought (withdrawal and relieved of all responsibilities in the case) and has conferred with Ms. Diaz-Fox who does not object.

Respectfully submitted,

By: /s/  *Chris Kleppin*
    Chris Kleppin
    Fla. Bar No. 625485
    ckleppin@gkemploymentlaw.com
    The Kleppin Firm, P.A.
    *Attorneys for Defendant*
    8751 W. Broward Blvd
    Suite 105
    Plantation, FL 33324
    Tel. (954) 424-1933

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 19, 2021, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

Zandro E. Palma, Esq.
zep@thepalmalawgroup.com
Zandro E. Palma, P.A.
9100 South Dadeland Boulevard
Suite 1500
Miami, Florida 33156