**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASILDA ROMERO,**
    Plaintiff,

v.

                                                       **CASE NO.: 18-cv-21218-DPG**

**EMILIA DIAZ FOX**,
    Defendant.
_____/

**DEFENDANT'S RESPONSE TO "UNOPPOSED" MOTION TO WITHDRAW FROM REPRESENTATION**

The Defendant Emilia Diaz Fox, by and through counsel, files this her response and states:

1. It is untrue that the Motion to Withdraw was unopposed. In fact, Defendant was surprised upon being served with the Motion. However, at this time, she does not object to it being granted but felt that she needed to make clarifications to the Court.

2. Counsel Kleppin's motion was unnecessary. All that Counsel Kleppin needed to allege was that "*irreconcilable differences*" had arisen. The Motion is unprofessional and unethical.

3. Counsel Kleppin did not notify the Defendant in writing of his intent to withdraw. He mentioned it twice during two telephone conferences. Defendant asked him to wait to reach a decision until March 1st, which is the deadline to file a Post-Trial Brief. It was left up in the air. Counsel Kleppin did not confer with her prior to filing the Motion.

4. Defendant retained Counsel Kleppin during March/April 2020 and paid his requested retainer fee. The agreement was that she would do most of the work and that he would supervise it and make sure that it was correct. Defendant hired Counsel Kleppin as an "*expert in Federal Labor law*." which is how he markets himself. In addition to "*supervising*," Counsel Kleppin was also asked to assist in deposing the Plaintiff and to

appear at hearings, when and if necessary. Although the Defendant is an attorney licensed in Florida since 1977, she had never practiced Labor Law before this case. To date, Defendant paid Counsel a substantial amount in fees.

5. The few billing statements that Counsel sent Defendant were either excessive or for work that he had not done.

6. Sometime during October/November 2020, Defendant found out that Counsel Kleppin was negligent in not properly advising her of a change (since January 1st, 2015) in the domestic companion exemption law. This is exactly what she had hired him to do. In fact, on May 6, 2020, Counsel Kleppin charged Defendant $1,280.00 for research on the "*domestic companion exemption*." Due to Defendant's negligence, Defendant was prejudiced monetarily and otherwise. By all accounts, this was unacceptable. Counsel Kleppin did not admit to his culpability and avoided discussing his error. He periodically verbally demanded fees in unascertained amounts. All he said was that "*you owe me money*." Defendant stopped payments after she found out about Counsel Kleppin's negligence.

7. Florida Bar Rules 4-1.1 requires attorneys to "*maintain the requisite knowledge and skill, a lawyer should keep abreast of changes in the law*." Counsel Kleppin did not adhere to this Florida Bar rule.

8. Lately, Counsel Kleppin had been telling Defendant that everybody "*was out to get her*," and that "*the Judge was going to rule against her because Biden had won*," and other bizarre statements. Defendant lost all confidence in Counsel Kleppin.

9. To further shake Defendant's confidence in Counsel Kleppin, she found out after she hired him, that prior to being admitted to the Florida Bar that "*Mr. Kleppin was engaged in the

*distribution or sale of illegal drugs for which he was arrested twice and convicted to a term of one year's incarceration, with all but six months suspended, plus 5 years' probation.*" *See*, In Re: Kleppin, 786 A.2d 1010 (D.C. 2001).

10. It is untrue that "*the client does not request that the Court stay any existing deadlines or give her time to retain new counsel*." Counsel Kleppin did not confer with the Defendant regarding this matter and she did not consent. Counsel had no right to make this false representation to the Court on her behalf.

**WHEREFORE**, Defendant does not object to the court entering an order granting Counsel Kleppin's motion but does request an order granting her additional time to retain new counsel, if needed, to assist her at the trial in this case, should one occur.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was emailed to Zandro E. Palma, Esquire, attorney for the Plaintiff, to Chris Kleppin, Esquire, Counsel for Defendant, to Juan Ramirez, Jr., Esquire, Co-Counsel for Defendant, on this 20th day of February 2021.

Respectfully submitted,

**EMILIA DIAZ FOX, P.A.**
Four Seasons Office Tower
1441 Brickell Avenue, Suite 1013
Miami, Florida 33131
Tel.:   305-358-3428
Fax:   305-358-7237
DiazFoxEmilia@bellsouth.net

By:   **/s/   Emilia Diaz Fox**
**EMILIA DIAZ FOX, ESQUIRE**
**Florida Bar No.: 228893**