UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-cv-21218-GAYLES/OTAZO-REYES

**CASILDA ROMERO**,

    Plaintiff,

v.

**EMILIA DIAZ-FOX**,

    Defendant.

_____/

**ORDER**

    **THIS CAUSE** comes before the Court on Defendant Emilia Diaz-Fox's Motion for Summary Judgment (the "Motion"), [ECF No. 136]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**BACKGROUND**

    Plaintiff Casilda Romero worked as a household domestic employee and took care of Emilia Fernandez Diaz (hereinafter "Ms. Fernandez")—who is the mother to Defendant Emilia Diaz-Fox. Plaintiff initiated this action against Defendant to recover unpaid overtime and minimum wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 (the "FLSA"), on April 2, 2018. [ECF No. 1]. On May 1, 2019, Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim under Rule 12(b)(6). [ECF No. 27]. On July 26, 2019, Defendant filed a Supplemental Motion to Dismiss. [ECF No. 56]. On January 29, 2020, the Court denied the both motions. [ECF

No. 66]. On October 13, 2020, Defendant filed the instant Motion seeking summary judgment in her favor. [ECF No. 136].

In accordance with Local Rule 56.1, Defendant separately filed her Statement of Undisputed Material Facts, [ECF No. 135], to which Plaintiff responded and filed her Amended Statement of Material Facts as to Which it is Contended that There Does Exist a Genuine Issue to be Tried ("Amended Statement of Facts"), [ECF No. 227]. Accordingly, the following facts are undisputed:

Plaintiff's main duty was to assist Ms. Fernandez who was 100 years old and suffered from an advanced age of mental illness which caused her unpredictable behavior, aggressiveness, and sleep disturbances. Plaintiff's role during her employment consisted of dressing, grooming, feeding, bathing, toileting, changing and cleaning Ms. Fernandez, and trying to maintain sanitary conditions at the residence.

Ms. Fernandez was "not an easygoing lady," and tending to her required a lot of work. Plaintiff spent an awful lot of time cleaning up urine and excrement and changing bed sheets. Plaintiff worked seven days per week. Plaintiff worked the overnight shift from 5:00 p.m. to 8:30 a.m. Monday to Friday (a total of 77.5 hours). On Saturdays at 8:30 am, Plaintiff did not go home. Instead, Plaintiff worked a double shift and did not go home until Monday mornings around 8:30 am. On Monday through Friday from 8:30 a.m. through 5:00 p.m., when Plaintiff was not there, Ms. Iris Vinas worked at Ms. Fernandez's home.

Plaintiff worked for the family from approximately September 13, 2015, to February 12, 2018, or 126 weeks. Defendant's brother, Manuel Diaz, who had authority over Plaintiff's work,

paid Plaintiff $375.00 for the Monday through Friday work and Defendant paid Plaintiff $160.00 for the Saturday and Sunday work.[1] Mr. Diaz also visited with his mother once a week.

Plaintiff has no documentation that would show any cash payments received from Defendant during the relevant period of time. However, Plaintiff acknowledges a hand-written receipt that Iris Vinas handed Plaintiff cash payments on at least two occasions in October 2015. At one point, Plaintiff asked Defendant's brother, Manuel Diaz, for a pay raise. Defendant did not live at Ms. Fernandez's home during the period of Plaintiff's employment but would be there for brief periods of time. Ms. Fernandez had a homestead exemption at 2501 SW 62nd Avenue in Miami, Florida.

In Plaintiff's Amended Statement of Facts, she labels the following facts as "disputed", but these facts are not actually contested as Plaintiff later relies on them as additional facts in her Amended Statement of Facts:

Plaintiff was paid in cash. [ECF No. 135 ¶ 34]; [ECF No. 227 ¶ 22]. Plaintiff completed a total of 125.5 working hours every week. [ECF No. 135 ¶ 33]; [ECF No. 227 ¶ 37]. Plaintiff combed and groomed Ms. Fernandez's hair three times per day. [ECF No. 135 ¶ 14]; [ECF No. 227 ¶ 37]. Plaintiff spent up to 2 hours changing soiled bed sheets every day. [ECF No. 135 ¶ 14]; [ECF No. 227 ¶ 37]. It took Plaintiff 3 hours to wash and dry the soiled bed sheets every day. [ECF No. 135 ¶ 14]; [ECF No. 227 ¶ 37]. Plaintiff changed diapers at least three times per day. [ECF No. 135 ¶ 14]; [ECF No. 227 ¶ 37]. Plaintiff changed Ms. Fernandez's clothing at least 3 times per day, for a total of 45 minutes each day. [ECF No. 135 ¶ 14]; [ECF No. 227 ¶ 37]. Plaintiff lightly bathed Ms. Fernandez three times a day, taking her about 1 hour in total. [ECF No. 135 ¶ 14]; [ECF No. 227 ¶ 37]. Once a week, either on a Saturday or Sunday, Plaintiff washed Ms.

---

[1] Plaintiff disputes this fact only to the extent Defendant claims that Mr. Diaz paid for 71% of Plaintiff's salary.

Fernandez's hair for about 25 minutes. [ECF No. 135 ¶ 15]; [ECF No. 227 ¶ 37]. Plaintiff fed Ms. Fernandez daily. [ECF No. 135 ¶ 8]; [ECF No. 227 ¶ 37].

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). An issue is "genuine" when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014) (citation omitted). A fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004) (citation omitted). "Where the material facts are undisputed and all that remains are questions of law, summary judgment may be granted." *Eternal Word Television Network, Inc. v. Sec'y of U.S. Dep't of Health & Human Servs.*, 818 F.3d 1122, 1138 (11th Cir. 2016), *vacated on other grounds*, *Eternal Word Television Network, Inc. v. Sec'y of U.S. Dep't of Health & Human Servs.*, 2016 WL 11503064, at *1 (11th Cir. May 31, 2016).

The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party

must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015). Furthermore, conclusory allegations will not create an issue of fact for trial sufficient to defeat a well-supported summary judgment motion. *Earley v. Champion Intern. Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990) (citation omitted). Under Rule 56(c), "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). Entry of summary judgment is appropriate "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment. *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1315 (11th Cir. 2007) (citing *Samples ex rel. Samples v. City of Atlanta,* 846 F.2d 1328, 1330 (11th Cir.1988)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *See Anderson,* 477 U.S. at 255.

## DISCUSSION

Defendant claims that she is entitled to summary judgment in her favor because Plaintiff cannot establish coverage under the FLSA or that Defendant was her employer; and even if Plaintiff can establish coverage and potential employer liability under the FLSA, Plaintiff is exempt under the live-in domestic employee exemption or the companionship service exemption. The Court will address each argument in turn.

### I.   FLSA APPLICABILITY

The FLSA requires that covered employees be paid a minimum wage and overtime. *See* 29 U.S.C. §§ 206, 207. However, to invoke the FLSA's protections, "an employee must first demonstrate that he is 'covered' by the FLSA." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). An employee can show coverage in two ways: "individual coverage," *i.e.*, that she was engaged in commerce or in the production of goods for commerce, or "enterprise coverage," *i.e.*, that the Defendant is an enterprise engaged in commerce or in the production of goods for commerce. *See* 29 U.S.C. § 207(a)(1). Defendant argues that she is entitled to summary judgment because Plaintiff cannot establish either type of coverage. The Court disagrees.

### A.   Individual Coverage

For individual coverage to apply under the FLSA, Plaintiff must prove that she was "(1) engaged in commerce or (2) engaged in the production of goods for commerce." *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264 (11th Cir.2006) (citing 29 U.S.C. § 207(a)(1)). Under the Department of Labor regulations governing domestic service, domestic service employees in households affect commerce because they (1) handle goods such as soaps, mops, detergents, and vacuum cleaners that have moved in or were produced for interstate commerce and (2) because

they free members of the household to themselves engage in activities in interstate commerce. 29 C.F.R. § 552.99. The Department of Labor defines domestic service employment as "services of a household nature performed by an employee in or about a private home (permanent or temporary)." 29 C.F.R. § 552.3. "The term includes services performed by employees such as companions, . . . cooks, . . . maids, housekeepers, . . . nurses, janitors, laundresses, caretakers, . . . home health aides, personal care aides, and chauffeurs of automobiles for family use." *Id.*

Based on the undisputed facts, the Court concludes that Plaintiff was a domestic service employee engaged in commerce. As Plaintiff has established individual coverage under the FLSA, Defendant is not entitled to summary judgment on this basis.[2] *See Chavez v. Arancedo*, No. 17-cv-20003, 2018 WL 4610564, at *6 (S.D. Fla. Sept. 24, 2018) ("Because Plaintiff was a domestic service employee engaged in commerce, Plaintiff's motion for summary judgment, as to the application of individual coverage under the FLSA, is granted.").

### B. Plaintiff's Employment Status

Defendant also argues that she is entitled to summary judgment because she was not Plaintiff's employer. Under the FLSA, an "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). An "employee" is defined as "any individual employed by an employer," with certain exceptions. *Id.* § 203(e)(1). To "employ" under the FLSA is "to suffer or permit to work." *Id.* § 203(g).

To determine whether an individual is an employee, courts apply the "economic reality" test. *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012). "The touchstone of the economic reality test is the alleged employee's economic dependence on the employer." *Id.* (citing *Freund v. Hi–Tech Satellite, Inc.,* 185 F. App'x. 782, 783

---

[2] As there is individual coverage under the FLSA, the Court need not address enterprise coverage.

(11th Cir. 2006)). Where an employee may be employed by more than one employer, courts apply the economic reality test to determine whether a defendant is a joint employer under the FLSA. *Freeman*, 494 F. App'x at 942. The factors the court considers are:

> (1) the nature and degree or control of the workers; (2) the degree of supervision, direct or indirect, of the work; (3) the power to determine the pay rates or the methods of payment of the workers; (4) the right, directly or indirectly, to hire, fire, or modify the employment conditions of the workers; (5) preparation of payroll and the payment of wages; (6) ownership of facilities where work occurred; (7) performance of a specialty job integral to the business; and (8) investment in equipment and facilities.

*Id.* at 943. No one factor is determinative. *Id.*

Here, a genuine issue of material fact remains as to whether Defendant was Plaintiff's joint employer. Based on the undisputed facts, Mr. Diaz had authority and control over Plaintiff's work, he paid for Plaintiff's Monday through Friday work, and Plaintiff asked Mr. Diaz for a pay raise. However, the parties dispute whether Defendant had the right to hire, fire, and modify Plaintiff's employment. *Compare* [ECF. No. 135 ¶ 1] (claiming Iris Vinas hired Plaintiff) *with* [ECF No. 227 ¶¶ 1, 22] (claiming Plaintiff was hired by Defendant and Defendant had absolute control over the terms and conditions of Plaintiff's employer). And, while the parties agree that Defendant did not live at Ms. Fernandez's home, the parties dispute whether Defendant owned the house. [ECF No. 135 ¶¶ 28, 29]; [ECF No. 227 ¶¶ 28,29]. As there are disputed issues of material fact regarding whether Defendant was Plaintiff's employer, the Motion is denied on this ground.

## II. EXEMPTIONS

Defendant argues that she is entitled to summary judgment because Plaintiff is exempt from the FLSA mandates of minimum wage and overtime pay under the live-in domestic service exemption and the companionship services exemption.

8

### A. Live-in Domestic Service Exemption

The FLSA provides that "any employee who is employed in domestic service in a household and who resides in such a household" is entitled to minimum wage but is exempt from overtime pay. 29 U.S.C. § 213(b)(21) (the "Live-in Domestic Service Exemption"); 29 C.F.R. § 552.102(a) ("[S]ection 13(b)(21) provides an exemption from the Act's overtime requirements for domestic service employees who reside in the household where employed."). As noted above, Plaintiff was a domestic service employee under the FLSA.

To qualify as a *live-in* domestic service employee, one must reside on the employer's premises either "permanently" or for "extended periods of time." Application of the Fair Labor Standards Act to Domestic Service, 78 Fed. Reg. 60,454, 60,474 (Oct. 1, 2013); *see also* 29 C.F.R. § 785.23. This Court explained:

> employees who work and sleep on the employer's premises for five days a week (120 hours or more) are considered to reside on the employer's premises for extended periods of time. If less than 120 hours per week is spent working and sleeping on the employer's premises, five consecutive days or nights would also qualify as residing on the premises for extended periods of time. For example, employees who reside on the employer's premises five consecutive days from 9:00 a.m. Monday until 5:00 p.m. Friday (sleeping four straight nights on the premises) would be considered to reside on the employer's premises for an extended period of time.

*Quintero v. Lopez,* No. 15-cv-21162-LENARD, 2016 WL 7508264, at *6 (S.D. Fla. June 6, 2016) (citations and quotations omitted). But here, it is undisputed that Plaintiff only slept at Ms. Fernandez's home when she worked a double shift on Saturdays and Sundays. Because a reasonable fact finder could not find that sleeping at Ms. Fernandez's home for two nights a week qualifies as an extended period of time, this exemption does not apply.

### B. Companionship Services Exemption

The FLSA also exempts from minimum wage and overtime pay any domestic service employee who is hired to provide "companionship services for individuals who (because of age or infirmity) are unable to care for themselves." 29 U.S.C. § 213(a)(15) (the "Companionship Exemption"). "Companionship services" are defined as:

> [T]he provision of fellowship and protection for an elderly person or person with an illness, injury, or disability who requires assistance in caring for himself or herself. The provision of fellowship means to engage the person in social, physical, and mental activities, such as conversation, reading, games, crafts, or accompanying the person on walks, on errands, to appointments, or to social events. The provision of protection means to be present with the person in his or her home or to accompany the person when outside of the home to monitor the person's safety and well-being.

29 C.F.R. § 552.6(a). Companionship services also include provision of care if provided in conjunction with the provision of fellowship and protection. 29 C.F.R. § 552.6(b).

> The provision of care means to assist the person with activities of daily living (such as dressing, grooming, feeding, bathing, toileting, and transferring) and instrumental activities of daily living, which are tasks that enable a person to live independently at home (such as meal preparation, driving, light housework, managing finances, assistance with the physical taking of medications, and arranging medical care).

29 C.F.R. § 552.6(b). However, if the provision of care duties exceed twenty percent of the employee's workweek, the Companionship Exemption does not apply, and the employee is covered by the FLSA. 29 C.F.R. § 552.6(b).

In this case, the parties agree that Plaintiff worked 125.5 hours per week. [ECF No. 135 ¶ 33]; [ECF No. 227 ¶ 37]. Therefore, for the Companionship Exemption to apply here, the number of workweek hours Plaintiff spent providing care cannot exceed twenty percent or 25.1 hours per workweek. The parties do not clearly distinguish the allocation of Plaintiff's work spent on care as opposed to fellowship and protection. But even so, the uncontested facts establish that Plaintiff

spent well over 25.1 hours per workweek providing care services to Ms. Fernandez.[3] Thus, no reasonable fact finder could find that Plaintiff is exempt from the FLSA's protections. Therefore, Defendant is not entitled to summary judgment based on the Companionship Services Exemption.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Emilia Diaz-Fox's Motion for Summary Judgment, [ECF No. 136], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day August, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff spent 1 hour a day bathing Ms. Fernandez, a total of 7 hours a week; Plaintiff spent 45 minutes a day dressing Ms. Fernandez, a total of 5.15 hours a week; Plaintiff spent 3 hours a day washing, drying, and folding soiled sheets, a total of 21 hours a week; and Plaintiff spent 25 minutes once a week washing Ms. Fernandez's hair.